# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff<br><br>v.<br><br>INVEST VEGAS, LLC, et al.,<br><br>Defendants | Case No.: 2:18-cv-00760-APG-GWF<br><br>**Order (1) Granting in Part Plaintiff's Motion for Summary Judgment Regarding Tender and Unjust Enrichment; (2) Dismissing Plaintiff's Declaratory Relief Claim Against Meridian; (3) Dismissing Plaintiff's Wrongful Foreclosure Claim Against Meridian and Red Rock; and (4) Denying Other Pending Motions as Moot**<br><br>[ECF Nos. 23, 30, 31, 32] |

Plaintiff The Bank of New York Mellon (BONY) filed this lawsuit to determine whether its deed of trust still encumbers property located at 230 E. Flamingo Road #123, Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by defendant Meridian Private Residences Homeowners Association (Meridian). ECF No. 1. BONY also asserted various damages claims against Meridian; Meridian's foreclosure agent, Red Rock Financial Services (Red Rock); and the current property owner, Invest Vegas, LLC (Invest Vegas), some of which I dismissed. *Id.*; ECF Nos. 26, 27. Invest Vegas asserted counterclaims for declaratory relief and quiet title against BONY. ECF No. 16.

BONY moves for summary judgment, arguing that because it tendered the superpriority amount, Meridian's non-judicial foreclosure sale did not extinguish the deed of trust. BONY also argues it is entitled to judgment on its unjust enrichment claim against Invest Vegas for homeowners association (HOA) assessments that BONY paid even though Invest Vegas is the property owner who is legally responsible for the assessments.

Only Meridian responded, arguing that the HOA's lien included fees and costs, so BONY's payment of only nine months' of assessments did not satisfy the lien. Meridian also argues it rejected BONY's tender in good faith and BONY took no further action to preserve its deed of trust after that rejection. Finally, Meridian states that it does not oppose BONY's unjust enrichment claim against Invest Vegas. Meridian also moves for summary judgment, raising many of these same arguments. As to BONY's wrongful foreclosure claim, Meridian argues the foreclosure was not wrongful because it is undisputed the homeowner was in default on the HOA assessments and Meridian's rejection of the tender was in good faith.

The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. Because no genuine dispute remains that BONY tendered the superpriority amount, BONY is entitled to judgment as a matter of law on its own declaratory relief claim and on Invest Vegas's counterclaims. Because the deed of trust was not extinguished, there is no basis to set aside the sale, so I dismiss Meridian from the quiet title claim. I grant summary judgment in Meridian's and Red Rock's favor on the wrongful foreclosure claim because it was an alternative claim for relief if the deed of trust was extinguished.

As for BONY's unjust enrichment claim, I deny it because BONY has not sufficiently shown that it paid HOA assessments for this property and BONY has not supplemented its complaint to request additional sums BONY allegedly paid after the complaint was filed. I decline to consider BONY's arguments regarding unjust enrichment against Meridian because I previously dismissed that claim against Meridian. BONY did not move for summary judgment on its unjust enrichment claim against Red Rock. That claim therefore remains pending.

/ / / /

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Declaratory Relief and Wrongful Foreclosure**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

////

There is no dispute that Bank of America, N.A. paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $408.00 per month. ECF No. 23-2 at 13-18. Prior to the HOA foreclosure sale, Bank of America tendered $3,672.00 to cover the superpriority amount of nine months' of assessments. *Id.* at 21-22. There is no evidence Meridian recorded a second notice of delinquent assessment lien that might have triggered a second superpriority lien. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc). The Supreme Court of Nevada has already rejected similar arguments that Meridian makes regarding the conditions on the tender, the amount of the superpriority lien, and good faith rejection of the tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18, 121; *Nationstar Mortg., LLC v. Jackel Properties, LLC*, No. 75040, 435 P.3d 1224, 2019 WL 1244787, at *1 (Nev. 2019). The superpriority lien therefore was extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

Consequently, I grant BONY's motion for summary judgment on its declaratory relief claim against Invest Vegas and on Invest Vegas's counterclaims. Because the HOA sale will not be set aside, I dismiss the declaratory relief claim against Meridian because it is no longer a necessary party to that claim.[1] Additionally, because the deed of trust was not extinguished, and BONY asserted its wrongful foreclosure claim against Meridian and Red Rock as an alternative means of relief in the event that its deed of trust was extinguished,[2] I dismiss that claim as moot.

////

---

[1] I deny as moot Meridian's motion for summary judgment because I am dismissing the remaining claims against Meridian. I deny as moot BONY's duplicative motions for summary judgment at ECF Nos. 31 and 32.

[2] ECF No. 1 at 14 (alleging that "[i]f it is determined that the Deed of Trust has been extinguished by the HOA Sale as a proximate result of HOA and HOA Trustee's wrongful foreclosure," then BONY has suffered damages).

4

**B. Unjust Enrichment**

BONY moved for summary judgment on its unjust enrichment claim against Invest Vegas only. In its reply, BONY argues Meridian also was unjustly enriched. I do not consider these arguments because I do not consider arguments raised for the first time in a reply and I previously dismissed the unjust enrichment claim against Meridian. ECF No. 26 at 4.

As for the unjust enrichment claim against Invest Vegas, BONY has not sufficiently shown that it twice paid HOA assessments on this property. As to the first alleged payment, BONY provides a check made out to Red Rock by Shellpoint Mortgage Servicing in the amount of $7,149.19. ECF No. 23-4. BONY presents no evidence that Shellpoint was BONY's servicer for this property, there is nothing on the check that shows it was for this property, and BONY has presented no other evidence except an email chain that does not identify this as the subject property. ECF No. 23-5. Instead it identifies the case as "BNY v. Kouris/Invest Vegas – Meridian condo" without reference to this case number or the property address. Given the number of HOA disputes and the frequency with which the same parties regularly appear in these disputes, I cannot presume that this check and this email chain necessarily refer to the property at issue in this case.

BONY also seeks to obtain judgment on a second check that post-dates the complaint. BONY attaches as an exhibit a check in the amount of $6,095.00 that again does not identify the property for which the check is being issued. ECF No. 23-6. Further, the check post-dates the complaint. *Id.*; ECF No. 1. As BONY apparently recognized in the email chain (assuming it relates to this property), BONY should have supplemented its complaint if it wanted to assert post-complaint claims against Invest Vegas. ECF No. 25-5 at 2; Fed R. Civ. P. 15(d). It did not

do so. I therefore deny BONY's motion for summary judgment on its unjust enrichment claim against Invest Vegas.

Finally, neither BONY nor Red Rock moved for summary judgment on BONY's unjust enrichment claim against Red Rock. I did not dismiss that claim against Red Rock. ECF No. 26. That claim therefore remains pending.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 23) is GRANTED in part**. The motion is granted as to Bank of New York Mellon's declaratory relief claim and defendant Invest Vegas, LLC's counterclaims. The motion is denied as to Bank of New York Mellon's unjust enrichment claim.

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon's declaratory relief claim is dismissed as moot against defendant Meridian Private Residence Homeowners Association.

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon's wrongful foreclosure claim is dismissed as moot against defendants Meridian Private Residence Homeowners Association and Red Rock Financial Services.

IT IS FURTHER ORDERED that defendant Meridian Private Residence Homeowners Association's motion for summary judgment **(ECF No. 30)** and plaintiff Bank of New York Mellon's motions for summary judgment **(ECF No. 31, 32) are DENIED as moot**.

DATED this 11th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE